IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| Darcey Moore, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| | : **COMPLAINT** |
| Ruben & Rosenthal, Inc. ; and DOES 1-10, inclusive, | : |
| Defendants. | : |

For this Complaint, the Plaintiff, Darcey Moore, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Darcey Moore ("Plaintiff"), is an adult individual residing in Frenchburg, Kentucky, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Ruben & Rosenthal, Inc. ("RR"), is a Florida business entity with an address of 881 S. Charles R. Beall Boulevard, Suite 106, Debary, Florida 32713, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by RR and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. RR at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to RR for collection, or RR was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Ruben Engages in Harassment and Abusive Tactics

12. On or around December 26, 2012, Defendants began contacting Plaintiff in an attempt to collect the Debt by placing two to three calls daily to Plaintiff's residential telephone.

13. Defendants also placed calls using an automated telephone dialer system with an artificial or prerecorded voice (hereafter "Robocalls").

14. Each of Defendants' Robocalls stated there was an "urgent message" for Plaintiff and provided a contact number to be called.

15. During phone conversations, Defendants failed to state the true identity of its company name and failed to state the reason for its calls was debt collection.

16. Rather, Defendants misleadingly identified themselves as attorneys calling about the Debt that Plaintiff was in "trouble" for.

17. During the initial conversation and all those thereafter, Plaintiff explained to Defendants that she could not currently afford to satisfy the Debt at the time.

18. Accordingly, Plaintiff then repeatedly requested Defendants stop all calls and Robocalls to her regarding the Debt.

19. Despite such explanations and requests, Defendants continued to hound Plaintiff with calls and Robocalls regarding the Debt.

20. During conversations, Defendants invariably demanded Plaintiff provide a set amount towards the Debt to be remitted the same evening as the conversation or Defendants would seek legal action against Plaintiff.

21. However, no such legal action has been taken.

22. During a conversation on December 26, 2012, Steve Carlson, a representative from Defendants told Plaintiff that the "worst f***ing thing they ever did was save your life!" referring to the ambulance services from which the Debt was incurred.

23. Mr. Carlson also condescendingly told Plaintiff to go ask her "mommy" or her friends for money to satisfy the Debt.

24. Mr. Carlson then threatened that Defendants would seize Plaintiff's property, including, "everything down to the dishes right in front of you!"

25. Defendants also spoke with Plaintiff's mother, who was not a co-signer on the Debt, and informed her that Plaintiff owed a Debt and disclosed the nature of the Debt.

26. During a conversation on January 4, 2013, Defendants rudely questioned Plaintiff if she had gone to a pawn shop or received any Christmas money to use for the Debt.

27. On January 9, 2013, Plaintiff attempted to inform Defendants that she had retained legal representation and provide her attorney's contact information.

28. In response, Defendants scoffed at Plaintiff and refused to take the contact information.

29. Moreover, Defendants proceeded to place one additional call with a live representative and several more Robocalls to Plaintiff despite such notice of legal representation.

30. Furthermore, Defendant failed to send Plaintiff written validation of the Debt within the five-day time frame as required by 15 U.S.C. § 1692g.

31. Rather, the only written communication Defendants sent to Plaintiff was an undated letter stating Defendants would take legal action if the Debt was not satisfied within thirty days.

### C. Plaintiff Suffered Actual Damages

32. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

33. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

34. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692, *et seq.*

35. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

37. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

38. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

39. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

40. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the Plaintiff.

41. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

42. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

43. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

44. The Defendants' conduct violated 15 U.S.C. § 1692e(3) in that Defendants misled the Plaintiff into believing the communication was from a law firm or an attorney.

45. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with seizure of his property if the debt was not paid.

46. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take action that could not legally be taken or that was not intended to be taken.

47. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

48. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

49. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

50. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days.

51. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

52. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE KENTUCKY CONSUMER PROTECTION ACT,
## Ky. Rev. Stat. Ann. § 367.110, et seq.

53. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The Defendants are each individually a "person" as defined by Ky. Rev. Stat. Ann. § 367.110(1).

55. The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Ky. Rev. Stat. Ann. § 367.170.

56. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III
## INTRUSION UPON SECLUSION

57. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. Kentucky state law recognizes the Plaintiff's right to be free from invasions of privacy in such a manner as to outrage or cause serious mental suffering, shame, and humiliation to Plaintiff; thus, the Defendants violated Kentucky state law.

59. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with phone calls to her home.

60. The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency that they caused serious mental suffering, shame, and humiliation to Plaintiff thus satisfying the state law requirement for an invasion of privacy.

61. The conduct of the Defendants in engaging in the illegal collection activities demonstrated blatant and shocking disregard of Plaintiff's rights and resulted in multiple

invasions of privacy in such a way as would be considered highly objectionable to a reasonable person.

62. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

63. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
4. Actual damages pursuant to Ky. Rev. Stat. Ann. § 367.220(1) against the Defendants;
5. Costs of litigation and reasonable attorney's fees pursuant to Ky. Rev. Stat. Ann. § 367.220(3);
6. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional and/or reckless invasions of privacy in an amount to be determined at trial for the Plaintiff;
7. Punitive damages; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 25, 2013

        Respectfully submitted,

        By   */s/ Joseph E. Blandford, Jr.*

        Joseph E. Blandford, Jr., Attorney at Law
        1387 S. Fourth Street
        Louisville, Kentucky 40208
        Telephone: (855) 301-2100 Ext. 5535
        Facsimile: (888) 653-9237
        jblandford@lemberglaw.com

        <u>Of Counsel To</u>
        LEMBERG & ASSOCIATES L.L.C.
        A Connecticut Law Firm
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (888) 953-6237